■ In the Matter of DANIEL MARQUESANO, Doing Business as TIGER DAN'S RESTAURANT, Petitioner, v. STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.— Determination of the State Liquor Authority, dated March 19, 1971, canceling petitioner's special on-premises liquor license as of March 26, 1971, unanimously modified, on the law, to the extent of annulling such cancellation and substituting therefor a provision that petitioner's license be suspended for 30 days and, as so modified, the determination is confirmed, without costs and without disbursements. In our opinion, upon the record herein, cancellation of petitioner's license was so disproportionate to the offense committed by petitioner as to constitute an abuse of discretion, and the penalty should have been limited to the suspension as indicated herein. Concur — Stevens, P. J., Capozzoli, McGivern, Kupferman and Murphy, JJ.

■ FREDERICK D. WASHINGTON, Respondent, v. NEW YORK NEWS, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on March 11, 1971, unanimously reversed, on the law, and defendants-appellants' motion to dismiss the complaint granted, and the complaint dismissed, without costs and without disbursements. Defendant Sylvester wrote in his gossip column in defendant publisher's newspaper that plaintiff, a clergyman, had attended a performance at a nightclub at which a choir singer of his church was featured. This is obviously a warm human interest story, and does not, on its face, constitute an attack on plaintiff's integrity, even when read in the light of the added allegation of the complaint that plaintiff's church "does not believe in its spiritual leaders attending nightclubs". It is not stated how defendants' publication resulted in damage to plaintiff. Nothing is said of malice except for a naked conclusory allegation ascribing it to defendants. The subject of the publication is of general interest, and the absence of a showing of malice requires dismissal of the complaint (*Rosenbloom* v. *Metromedia*, 403 U. S. 29). This disposition is without prejudice to application to Special Term to replead, within 30 days of service upon respondent by appellants of a copy of the order of this court entered herein, should plaintiff be able to supply the presently lacking elements. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Eager, JJ.